UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 2:15-cv-14331 – Civil Class Action

TRINA NESBITT, individually and on behalf of a
class of all others similarly situated,

    *Plaintiff*,

v.

LIBERATOR MEDICAL SUPPLY, INC., a Florida
corporation,

    *Defendant*.
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Trina Nesbitt ("Nesbitt") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Liberator Medical Supply, Inc., ("Liberator") to obtain redress for all persons injured by Liberator's practice of making repeated, unwanted calls to cellular telephone numbers, *en masse,* while using an automatic telephone dialing system. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1. Defendant Liberator is an "As Seen On TV" direct seller of residential medical supplies.[1]

2. Unfortunately for consumers, in an attempt to market and sell its goods, Defendant Liberator embarked upon an illegal telemarketing campaign whereby it repeatedly

---

[1] Liberator, *Homepage*, http://www.liberatormedical.com/index.php (last accessed September 15, 2015).

1

and aggressively used an automatic telephone dialing system to make unsolicited promotional telephone calls, *en masse*, to Plaintiff and the other members of the putative Class (defined below), at their private cellular telephone numbers, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

3. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, as well as the monies paid to their telephone carriers for the receipt of such telephone calls.

4. The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities as well as an award of statutory damages to her and all members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

5. Plaintiff Trina Nesbitt is a natural person and a citizen of the State of Georgia.

6. Defendant Liberator Medical Supply, Inc., is a corporation incorporated and existing under the laws of the State of Florida with its principal place of business located at 2979 Southeast Gran Park Way, Stuart, Florida 34997. Defendant Liberator regularly conducts business throughout this District, the State of Florida, and the United States.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has

personal jurisdiction over Defendant because Defendant conducts significant business transactions in this District, solicits consumers in this District, and because it made and continues to make unsolicited calls in this District.

8.      Venue is proper in this District under 28 U.S.C. § 1391 because Defendant conducts significant business transactions in this District and because Defendant's principal place of business is within this District.

## COMMON FACTUAL ALLEGATIONS

9.      Defendant Liberator sells a variety of residential medical products to members of the public, including catheters, ostomy supplies, diabetes supplies, and mastectomy fashions.[2]

10.     Liberator has turned to unsolicited telemarketing as a way to market its goods and increase its customer base. It leases a 24,000 square-foot "FL Call center and administrative offices"[3] and has previously claimed to operate "multiple campaigns" involving "dialer programs" from a "busy mostly outbound 160 seat facility."[4]

11.     Unfortunately for consumers, Defendant made (and continues to make) unsolicited telemarketing calls nationwide using an automatic telephone dialing system with the capacity to store or produce telephone numbers, and to dial such numbers, *en masse*, without any need for human intervention. With this system, Defendant repeatedly called the

---

[2]     *See* Liberator, *Homepage*, *supra* note 1.

[3]     Liberator Medical Holdings, Inc., *Annual Report (Form 10-K)*, at 10 (Dec. 15, 2014), available at https://www.sec.gov/Archives/edgar/data/17485/000107878214002282/f10k0930 14_10k.htm (last accessed September 18, 2015).

[4]     Liberator, *LinkedIn Job Posting: Call Center Manager*, https://www.linkedin.com/jobs2/view/1219626?trk=jobs_seeking_view_job&goback=.vjn_1213576 (last accessed September 18, 2015).

private cellular telephone numbers of numerous consumers without first having their prior express written consent to make such calls.

12.     Online complaints about Liberator's telemarketing campaigns are legion. A small sampling includes:[5]

- "We have asked Liberator medical to STOP calling. They call almost every hour."

- "Liberator medical supplies– call me several times/day."

- "This number calls constantly but leaves no message!!! Annoying!!!"

- "I have numbers of calls from this call and I have requested to place me on the do not call list but still receiving calls."

- "Someone from this number has been calling me everyday and not leaving a message. I have no idea who this is."

- "Usually 2 times a day for several months now. No message."

- "I don't remember EVER ordering from this company, but in the last 10 days they have called and left a message on my line 12 times. My phone is set to 'auto reject' but every so often I clear the log and saw they were calling."

- "Received unsolicited call."

- "Called me this morning and in recent weeks.  They don't leave messages, but hang up as soon as my answer-machine begins to record."

13.     Defendant knowingly made (and continues to make) these telemarketing calls without the prior express written consent of the call recipients and knowingly continues to place calls even after they make requests to stop. In so doing, Defendant not only invades the personal

---

[5]     *See, e.g.*, 800notes.com, *http://800notes.com/* (last accessed September 25, 2015) (querying Liberator number 800-323-0914); Mr. Number, *http://mrnumber.com* (last accessed September 15, 2015) (same); CallerComplaints.com, *http://www.callercomplaints.com/* (last accessed September 15, 2015) (same).

4

privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violates the TCPA.

### FACTS SPECIFIC TO PLAINTIFF NESBITT

14. Plaintiff is the exclusive user of a private cellular telephone.

15. Starting in or around the first week of June 2015, Defendant began calling Plaintiff's private cellphone number, without consent, from the number (800) 323-0914, sometimes as late as 9:00 p.m.

16. When Plaintiff answered one of these calls, she experienced a noticeable pause before being connected to a live representative.

17. Once connected to a live representative, Plaintiff could hear what sounded like a call center in the background.

18. The live representative offered Plaintiff discounts on medical supplies from Liberator.

19. Plaintiff told Defendant's representative that she was not interested and asked to be placed on its internal do-not-call list.

20. Several of Defendant's other calls reached Plaintiff's voicemail, but Defendant did not leave any actual messages.

21. Plaintiff does not have a relationship with Defendant, has never provided her telephone number directly to Defendant, and has never requested that Defendant place calls to her or offer her its services.

22. As a result of Defendant's intrusive calls, Plaintiff suffered harms, including statutory violations, the invasion of her right to privacy, and any monies paid on her behalf in order to receive such calls.

23. Defendant is and was aware that the above-described telephone calls were and are being made, using an automatic telephone dialing system, to the cellphone numbers of consumers like Plaintiff who had not provided express written consent to receive them.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action on behalf of herself and a class defined as follows (the "Class"), pursuant to Fed. R. Civ. P. 23(b)(2) and Fed. R. Civ. P. 23(b)(3):

> All individuals in the United States to whom (1) Liberator placed a call; (2) to his or her cellular telephone number; (3) promoting its goods or services; (4) using an automatic dialing system; and (5) where Liberator had no current record of express written consent to place such call.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

25. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant made telephone calls to hundreds or even thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendant's records.

26. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any

6

questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

> (a) Whether Defendant systematically made telephone calls to the cellular telephone numbers of the members of the Class;
>
> (b) Whether Defendant systematically placed these calls through the use of an automatic telephone dialing system;
>
> (c) Whether Defendant had current records of express written consent to make these telephone calls at the times such calls were made;
>
> (d) Whether Defendant's conduct violated TCPA; and
>
> (e) Whether the willfulness of Defendant's conduct entitles members of the Class to treble damages.

27. **Typicality and Adequacy of Representation**: Plaintiff's claims are virtually identical to those of the other Class members. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to the Class.

28. **Superiority**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Moreover, Class

membership can be ascertained from objective information contained in Defendant's records. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

29. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

30. Defendant and/or its agents, in efforts to promote Defendant's products, placed unsolicited and unwanted telemarketing calls to cellular telephone numbers belonging to Plaintiff and the other members of the Class.

31. Defendant placed these calls using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator and/or the capacity to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without any need for human intervention.

32. Defendant placed these telemarketing calls without first having records of prior express written consent from Plaintiff or the members of the Class to make such calls.

33. By placing such calls to the cellular telephone numbers of Plaintiff and the Class members without first having prior express written consent to do so, and by placing such calls while using equipment with the capacity to store or produce telephone numbers using a random

8

or sequential number generator and/or with the capacity to receive and store lists of phone numbers, and to dial such numbers, *en masse*, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

34. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the forms of invasions of their privacy and of monies paid or minutes lost to receive the unsolicited telephone calls on their cellular phones. Under 47 U.S.C. § 227(b)(3), Plaintiff and the members of the Class are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

35. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Trina Nesbitt, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff Trina Nesbitt as the representative of the Class, and appointing her counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendant to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class;

4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**TRINA NESBITT**, individually and on behalf of all others similarly situated,

Dated: September 25, 2015     By: /s/  Stefan Coleman
One of Plaintiff's attorneys.

Stefan Coleman (Bar #30188)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN PLLC
201 South Biscayne Boulevard, Floor 28
Miami, Florida 33131
Tel: 877.333.9427
Fax: 888.498.8946

Rafey S. Balabanian*
rbalabanian@edelson.com
Ari J. Scharg*
ascharg@edelson.com
Alicia E. Hwang*
ahwang@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Jarrett L. Ellzey*
jarrett@hughesellzey.com
HUGHES ELLZEY, LLP
Galleria Tower I
2700 Post Oak Blvd., Ste. 1120
Houston, Texas 77056
Tel: 713.554.2377
Fax: 888.995.3335

*Pro hac vice admission to be sought.

*Attorneys for Plaintiff and the Putative Class*